[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 11, 2011
JOHN LEY
CLERK

_____

No. 09-15728

_____

D. C. Docket No. 08-00402-CR-J-20-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THEODORE D. LOCKLEY,
a.k.a. Teddy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 11, 2011)

Before TJOFLAT, CARNES and HILL, Circuit Judges.

TJOFLAT, Circuit Judge:

Theodore D. Lockley appeals his 180-month sentence after pleading guilty

to conspiring to posses with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. On appeal, Lockley argues that the district court erred in enhancing his sentence under the career offender provision, United States Sentencing Commission, Guidelines Manual, § 4B1.1(a) (Nov. 1, 2008), because his prior conviction for attempted robbery in violation of Fla. Stat. §§ 812.13(1) and 777.04(1) was not a "crime of violence" under § 4B1.2.

We review de novo whether a prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines. United States v. Palomino Garcia, 606 F.3d 1317, 1326 (11th Cir. 2010). "[I]n determining whether a prior conviction is a qualifying offense for enhancement purposes, we apply a 'categorical' approach—that is, we look no further than the fact of conviction and the statutory definition of the prior offense." United States v. Llanos-Agostadero, 486 F.3d 1194, 1196–97 (11th Cir. 2007) (citations omitted), cert. denied --- U.S. ----, 129 S. Ct. 902, 173 L. Ed. 2d 119 (2009). A court may examine the underlying facts of the conviction only if "ambiguities in the judgment make the crime of violence determination impossible from the face of the judgment itself." United States v. Harris, 586 F.3d 1283, 1286 n.1 (11th Cir. 2009) (quoting United States v. Beckles, 565 F.3d 832, 842–43 (11th Cir. 2009)). In the present case, we are able to make the "crime of violence" determination from the face of Florida's robbery

and attempt statutes. We therefore disregard the facts of the underlying conviction and look only to the elements of Lockley's prior conviction.

Under the Guidelines, a defendant is eligible for the career offender enhancement if: (1) he is at least 18 years old at the time of the commission of the offense of conviction; (2) the offense of conviction is a felony crime of violence or controlled substance offense; and (3) he has at least two prior felony convictions for a crime of violence or controlled substance offense.[1] U.S.S.G. § 4B1.1(a). A "crime of violence" is defined in the Guidelines as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [("the elements clause")], or
>> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another [("the residual clause")].

U.S.S.G. § 4B1.2(a).

Commentary to the Guidelines provides further definitional guidance:

For purposes of this guideline–

---

[1] Lockley has two prior felony convictions: (1) the 2001 conviction for attempted robbery at issue here; and (2) a 2004 conviction for possession of cocaine with intent to sell in violation of Fla. Stat. § 893.13(1)(a). He does not challenge the application of the Guidelines's career offender provision to the possession with intent to sell conviction. As such, we only concern ourselves with the attempted robbery conviction.

3

> "Crime of violence" and "controlled substance offense" include the offenses of aiding and abetting, conspiring, and <u>attempting to commit</u> such offenses.
>
> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, <u>robbery</u>, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (<u>i.e.</u>, expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious risk of physical injury to another.

U.S.S.G. § 4B1.2, comment. (n.1) (emphasis added). We recognize that this definition is disjunctive. For that reason, a prior conviction qualifies as a "crime of violence" if any of the following are true: (1) the defendant was convicted of committing, aiding or abetting the commission of, conspiring to commit, or attempting to commit, an enumerated offense; (2) the use, attempted use, or threatened use of physical force against another was an element of the offense; or (3) the conduct for which the defendant was convicted presented a serious risk of physical injury to another person.[2] <u>See, e.g.,</u> <u>United States v. Wilson</u>, 392 F.3d

---

[2] Lockley argues, in part, that the Guidelines' definition of "crime of violence" is vague and that the district court, under the rule of lenity, should have declined to apply the career offender enhancement on due process grounds. Though the outer parameters of § 4B1.2(a)'s "crime of violence" definition have not been established, Lockley's prior conviction for attempted robbery falls squarely within those parameters. The district court consequently committed no due process violation. <u>See</u> <u>United States v. Camacho-Ibarquen</u>, 410 F.3d 1307, 1315 (11th Cir. 2005) (refusing to apply the rule of lenity upon finding § 2L1.2 unambiguous after application of the "normal rules of [statutory] construction") (citing <u>United States v. Jeter</u>,

1243, 1245–46 (11th Cir. 2004) (interpreting the nearly-identical "crime of violence" provision in U.S.S.G. § 2L1.2 in the disjunctive).

The Government proceeds under all three avenues. We will consider them in turn, beginning with the proposition that Lockley's prior attempted robbery conviction qualifies as a "crime of violence" because robbery is an enumerated offense. Lockley counters the Government's position by claiming that the Florida robbery statute in question is non-generic—meaning it is broader than the generic definition of robbery—in that it criminalizes the use of intimidation or fear, not merely force or violence, to obtain the property of another. Lockley thus urges us to find that Florida's robbery statute defies our categorical approach, vacate the district court's sentence, and remand for resentencing.

Where, as here, the Guidelines specifically designate a certain offense as a "crime of violence," we compare the elements of the crime of conviction to the generic form of the offense as defined by the States, learned treatises, and the Model Penal Code. Palomino Garcia, 606 F.3d at 1331 (applying Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990)). That is, we

329 F.3d 1229, 1230 (11th Cir. 2003) and Holloway v. United States, 526 U.S. 1, 12 n.14, 119 S. Ct. 966, 972 n.14, 143 L. Ed. 2d 1 (1999) ("We have repeatedly stated that the rule of lenity applies only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended." (internal quotation and marks omitted))); see also United States v. Unthank, 109 F.3d 1205, 1211–12 (7th Cir. 1997) (finding the rule of lenity inapplicable to a § 4B1.2(a) enhancement for a prior extortion conviction).

disregard the label placed on the state crime and look to whether the conduct necessarily proven as a prerequisite for Lockley's conviction under Florida law is a natural equivalent to the offense as envisioned by the Guidelines' drafters. Id. at 1330–31. If Fla. Stat. § 812.13(1) follows the generic definition of robbery with only minor variations, or is narrower than the generic offense, we will uphold the district court's application of the career offender enhancement. Taylor, 495 U.S. at 599, 110 S. Ct. at 2158. If, however, Florida's definition is broader than generic robbery, Lockley's prior conviction cannot serve as a predicate, under the categorical approach, for the enhancement. Id. at 599–602, 110 S. Ct. at 2158–60. As explained below, we find that § 812.13(1) is the equivalent of the generic form of robbery. As a result, we cannot do as Lockley asks.

Section 812.13 defines "robbery" as

the taking of money or other property which may be the subject of larceny from the person or custody of another, with the intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1). The taking referred to

must be by the use of force or violence or by assault so as to overcome the resistence of the victim, or by putting the victim in fear so that the victim does not resist.

Fla. Std. Jury Instr. (Crim.) 15.1.[3] The property taken need not be taken from the actual person of the victim, but must be sufficiently under his control "so that it cannot be taken without the use of force, violence, or intimidation directed against the victim." Id. Assault, in turn, is defined as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011(1). And, "[t]he fear contemplated by the statute is the fear of death or great bodily harm." Magnotti v. State, 842 So. 2d 963, 965 (Fla. 4th Dist. Ct. App. 2003) (internal quotation marks omitted).

For our purpose, then, commission of robbery in violation of Fla. Stat. § 812.13(1) necessarily requires that the defendant (1) commit a taking of money or other property from another person or in the custody of another person (2) with the intent to permanently or temporarily deprive the person of the money or property or any benefit thereof (3) using force, violence, or an intentional threat of imminent force or violence against another coupled with an apparent ability to use that force or violence, or by causing the person to fear death or great bodily harm

_____

[3] The Florida Standard Jury Instructions mirror the Florida Supreme Court's decision in Robinson v. State, 692 So. 2d 883 (Fla. 1997), which found two ways to commit robbery under § 812.13(1): a taking by means of either "(1) force or violence," or "(2) intimidation by assault or putting in fear." Id. at 886.

(4) where the money or property has value. See Fla. Std. Jury Instr. (Crim.) 15.1.

These elements hew almost exactly to the generic definition of robbery.

"[T]he generic form of robbery 'may be thought of as aggravated larceny,' containing at least the elements of 'misappropriation of property under circumstances involving [immediate] danger to the person." United States v. Santiesteban-Hernandez, 469 F.3d 376, 380 (5th Cir. 2006) (quoting Wayne LeFave, Substantive Criminal Law § 20.3 intro., (d)(2) (2d ed. 2003) (alteration in original)). There is, nevertheless, at least some subtle variation in the breadth of that definition, and it is upon this variation that Lockley makes his case. "The majority of states require property to be taken from a person or a person's presence by means of force or putting in fear." Id.; see also id. at 380 n.5 (collecting statutes and determining that thirty-eight states and the District of Columbia have adopted a definition of robbery which includes either fear or intimidation). Under the majority's definition, there need not be a direct threat to the person of another—instead, intimidation or "putting in fear" of potential injury suffices. See, e.g., United States v. Becerril-Lopez, 541 F.3d 881, 890–91 (9th Cir. 2008) (interpreting California Penal Code robbery statute, § 211, which criminalizes a taking "accomplished by means of force or fear," and § 212, which defines fear, in relevant part, as"[t]he fear of an immediate and unlawful injury to the person or

8

property of anyone in the company of the person robbed" (emphasis added)).[4]

A small minority of states and the Model Penal Code, however, "define 'robbery' in terms of 'bodily injury' or 'committing violence' or 'physical harm,'" or some amalgam of those terms and the majority definition. Santiesteban-Hernandez, 469 F.3d at 380 n.6 (collecting statutes). These jurisdictions require something more than mere intimidation or undifferentiated fear; the defendant must directly threaten the victim's bodily integrity. E.g., Model Penal Code § 222.1(1) ("A person is guilty of robbery if, in the course of committing a theft, he: (1) inflicts serious bodily injury upon another; or (b) threatens another with or purposely puts him in fear of immediate serious bodily injury . . . .").

Recognizing this distinction, Lockley would have us find that the Florida robbery statute at issue here is non-generic. In particular, he argues that the "putting in fear" language of § 812.13(1) should be read broadly to mean any act of intimidation, not merely those that place the victim in imminent danger. He believes construing the statute in that manner removes § 812.13(1) from the realm of generic robbery. For this proposition, he relies on Johnson v. United States, ---

_____

[4] Although the Ninth Circuit held California's robbery statute was non-generic because § 211 contemplates fear not only of bodily injury, but also of injury to property, the court ultimately decided that a prior conviction under § 211 constitutes a "crime of violence" because the conduct criminalized in § 211 is encompassed in the generic forms of both robbery and extortion, each of which are enumerated "crimes of violence" in the Guidelines' Commentary. United States v. Becerril-Lopez, 541 F.3d 881, 891–92 (9th Cir. 2008).

9

U.S. ----, 130 S. Ct. 1265, 1269–72, 176 L. Ed. 2d (2010) (holding that a defendant's prior conviction for battery under Florida law was not a "violent felony" as defined by the Armed Career Criminal Act ("ACCA"),[5] 18 U.S.C. § 924(e), because battery encompasses more than the violent touching of another).

After review of the relevant authorities, we disagree. The difference in the majority and minority definitions is slight. Indeed, the fear or intimidation contemplated by the majority definition in nearly all instances is the fear of bodily harm. Still, to the extent that the definitions differ, we believe the generic, contemporary form of robbery is better reflected in the majority definition. See Santiesteban-Hernandez, 469 F.3d at 381 (remarking that the majority and minority definitions are substantively similar, but applying the majority definition). Accordingly, we find the generic definition of robbery to be "the taking of property from another person or from the immediate presence of another person by force or intimidation." United States v. Walker, 595 F.3d 441, 446 (2d Cir. 2010) (emphasis in original); see also 67 Am. Jur. 2d Robbery § 12 ("[Robbery] is the taking, with intent to steal, personal property of another, from his or her person or in his or her presence, against his or her will, by violence, intimidation, or by

---

[5] Though ACCA's "violent felony" enhancement and the Guidelines' career offender enhancement differ slightly in their wording, we apply the same analysis to both. United States v. Whitson, 597 F.3d 1218, 1220, 1220 n.2 (11th Cir. 2010) (citing United States v. Archer, 531 F.3d 1347, 1349–51 (11th Cir. 2008)).

10

threatening the imminent use of force.") (emphasis added).  A comparison of Fla.

Stat. § 812.13(1) to this generic definition convinces us that they are clear

equivalents.

Regardless, § 812.13(1) also satisfies the narrower, minority definition.

"Putting in fear," per Florida law, involves an act causing the victim to fear death

or great bodily harm.  Magnotti, 842 So. 2d at 965.  We can conceive of no means

by which a defendant could cause such fear absent a threat to the victim's person.

Hence, under either definition, Florida's robbery statute is indeed generic,[6] and

---

[6] Lockley does not argue that Florida's attempt statute is non-generic, nor would he be successful if he did.  But because the crime as charged in Lockley's case was attempted robbery in violation of both Fla. Stat. §§ 812.13(1) and 777.04(1), we feel compelled to address the issue. Attempt under Florida law requires the defendant to commit "any act toward the commission of such [crime], but fails in the perpetration or is intercepted or prevented in the execution thereof." Fla. Stat. § 777.04(1).  The act referred to is "an overt act," Morehead v. State, 556 So. 2d 523, 524 (Fla. 5th Dist. Ct. App. 1990), and "must reach far enough toward accomplishing the desired result to amount to commencement of the consummation of the crime," id. at 525.  Though there is a distinct divergence in the law as it relates to attempt, see Sui v. INS, 250 F.3d 105, 116 (2d Cir. 2001) (examining the consensus shift away from the common law, or dangerous proximity, approach to attempt towards the "substantial step" approach set forth in the Model Penal Code); see also United States v. Ellis, 564 F.3d 370, 373–74 (5th Cir. 2009) (considering common law definitions of attempt which require only a "slight act" in furtherance of the scheme), the generic form tends toward the "substantial step" approach proposed by Model Penal Code § 5.01(1), which states:

> A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he:
> . . . .
> (c) purposefully does or omits to do anything that, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.

Model Penal Code § 5.01(1) (emphasis added).  Florida's attempt statue is therefore a close analogue to the Model Penal Code definition of attempt, as both require an "overt

11

Lockley's attempted robbery conviction categorically qualifies as the second predicate offense for the career offender enhancement.

The bare elements of § 812.13(1) also satisfy the elements and residual clauses of U.S.S.G. § 4B1.2(a). We have previously discussed the elements of § 812.13(1). As stated above, robbery under that statute requires either the use of force, violence, a threat of imminent force or violence coupled with apparent ability, or some act that puts the victim in fear of death or great bodily harm. All but the latter option specifically require the use or threatened use of physical force against the person of another. And, once again, we find it inconceivable that any act which causes the victim to fear death or great bodily harm would not involve the use or threatened use of physical force. Section 812.13(1) accordingly has, as an element, the "use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Moreover, because the commentary explicitly states that the attempt to commit a "crime of violence" is itself a "crime of violence," Lockley's attempted robbery conviction categorically qualifies under the elements clause as a predicate for the career offender enhancement. See

_____

act"—meaning an act or omission—which clearly signals the commission of the offense instead of mere preparation. Compare Morehead, 556 So. 2d at 524 ("The 'overt act' must be adapted to effect the intent to commit the particular crime but must be more than mere preparation."), with United States v. Ballinger, 395 F.3d 1218, 1238 n.8 (11th Cir. 2005) (en banc) ("A substantial step must be more than remote preparation, and must be conduct strongly corroborative of the firmness of the defendant's criminal intent." (internal quotation marks omitted)). Section 777.04(1) thus falls within the generic, contemporary meaning of attempt.

U.S.S.G. § 4B1.2, comment. (n.1).

We further find that attempted robbery under Florida law satisfies § 4B1.2(a)'s residual clause as an offense that "presents a serious potential risk of physical injury to another." When considering the residual clause, we apply a three-step framework and ask:

> First, what is the relevant category of crime, determined by looking to how the crime is ordinarily committed? Second, does that crime pose a "serious potential risk of physical injury" that is similar in degree to the risks posed by the enumerated crimes? Third, is that crime similar in kind to the enumerated crimes?

United States v. Harrison, 558 F.3d 1280, 1287 (11th Cir. 2009) (interpreting the ACCA); see also Harris, 586 F.3d at 1287 (applying Harrison's analysis to the residual clause of the career offender enhancement). Again, we answer these questions applying the categorical approach to § 812.13(1) described above. Harris, 586 F.3d at1288.

Interpreting § 812.13(1)'s "putting in fear" language as we must, the relevant category of crime includes those offenses that involve the use or threatened use of force or violence. As such, this form of robbery clearly presents a "serious potential risk of physical injury." See United States v. Wilkerson, 286 F.3d 1324, 1325 (11th Cir. 2002) (holding that a conviction under § 812.13(1) is a "violent felony" under the ACCA); cf. United States v. Whitson, 597 F.3d 1218,

13

1222 (11th Cir. 2010) (per curiam) ("stand[ing] by Wilkerson as far as it concerns serious risk of physical injury," but declining, after Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008), to hold that a non-overt act conspiracy to commit robbery is a "crime of violence" as defined by U.S.S.G. § 4B1.2(a)). And the risk of physical injury posed by a violation of Fla. Stat. § 812.13(1) is comparable in degree to the enumerated crimes of burglary and extortion, both of which by nature involve a heightened danger of violent confrontation (even if such confrontation is not the usual course of the offense). See, e.g., James v. United States, 550 U.S. 192, 203–04, 127 S. Ct. 1586, 1594–95, 167 L. Ed. 2d 532 (2007) (reasoning that the main risk of burglary is "the possibility of a face-to-face confrontation between the burglar and a third-party—whether an occupant, a police officer, or a bystander—who comes to investigate"); United Stats v. Velazquez-Overa, 100 F.3d 418, 422 (5th Cir. 1996) ("[B]urglary, with its tendency to cause alarm and to provoke physical confrontation . . . .").

Attempted robbery is also similar in degree and kind to the offenses enumerated in the residual clause insofar as it involves purposeful, violent, and aggressive conduct. See Begay, 553 U.S. at 144–45, 128 S. Ct. at 1586 (holding that the ACCA's residual clause is only met where the prior offense of conviction

14

involves a purposeful, violent, and aggressive act and providing definition guidance as to those terms).  Robbery, as we have described it, is purposeful conduct because it requires a deliberate undertaking to deprive another of money or property by use of force or violence or a threat of force or violence.  See id. at 145, 128 S. Ct. at 1586.  It is also an aggressive and potentially violent act.[7]  See id.  Attempted robbery retains these characteristics; the overt act places the victim and the perpetrator one step closer to a potentially violent encounter.  Cf. James v. United States, 550 U.S. 192, 203–04, 127 S. Ct. 1586, 1594–95, 167 L. Ed. 2d 532 (2007) (holding that attempt to commit a burglary, as defined by Florida law, is a "violent felony" pursuant to the residual clause of the ACCA).  We therefore reaffirm the holding of Wilkerson as applied to Florida's definition—which includes an overt act requirement—of attempted robbery.

---

[7] In this regard, we distinguish § 812.13(1) from its less-serious counterpart, Fla. Stat. § 812.131(1), which concerns "robbery by sudden snatching."  Pursuant to this companion statute, "robbery by sudden snatching" is committed whenever a defendant takes

> money or other property from the victim's person, with intent to permanently or temporarily deprive the victim or the owner of the money or other property, when, in the course of the taking, the victim was or became aware of the taking.

Fla. Stat. § 812.131(1).  Section 812.131(1) goes on to state that no force "beyond that effort necessary to obtain possession of the money or other property" or resistance by the victim must be proven to satisfy the definition.  Fla. Stat. § 812.131(1)(a), (b).  So while § 812.131(1) attends to pick-pocketing or other similar activity (so long as the victim is in possession of the money or property and realizes he is being victimized), § 812.13(1) concerns a far more aggressive and potentially violent form of robbery.  See, e.g., Smith v. State, 891 So. 2d 1133, 1133 (Fla. 4th Dist. Ct. App. 2005) (per curiam).

Because we find that attempted robbery is categorically a "crime of violence," we affirm Lockley's sentence enhancement under the career offender provision.

**AFFIRMED.**