[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2011
JOHN LEY
CLERK

No. 10-12187
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20989-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORBERTO DOMINGUEZ,
a.k.a. Norbe,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(May 6, 2011)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Norberto Dominguez appeals his sentence of 235 months of imprisonment for possessing 500 grams or more of cocaine with intent to distribute. 21 U.S.C. § 841(a)(1). Dominguez argues that he was incorrectly sentenced as a career offender because his prior conviction for aggravated assault did not qualify as a crime of violence and the district court erred by considering uncharged bad acts when it evaluated Dominguez's request for a downward departure. The United States argues that Dominguez's appeal about his sentence is barred by the appeal waiver in his plea agreement and, alternatively, his arguments fail. We affirm.

We need not determine whether Dominguez's appeal is barred by the waiver in his plea agreement because Dominguez's arguments fail on alternative grounds. Dominguez was correctly sentenced as a career offender, and we lack jurisdiction to consider his argument about a downward departure.

Under the Sentencing Guidelines, a defendant can be classified as a career offender if he is 18 years old at the time of his crime, his crime qualifies as a crime of violence, and he has at least two prior felony convictions for a "crime of violence." United States Sentencing Guidelines Manual § 4B1.1(a) (2009). To qualify as a crime of violence, a prior conviction must have "as an element the use, attempted use, or threatened use of physical force against another person" or "involve[] conduct that presents a serious potential risk of physical injury to

2

another" person.  Id. § 4B1.2(a).  "We review de novo whether a prior conviction qualifies as a 'crime of violence' under the Sentencing Guidelines," United States v. Lockley, 632 F.3d 1238, 1240 (11th Cir. 2011), and review related findings of fact for clear error, United States v. Wilks, 464 F.3d 1240, 1242 (11th Cir. 2006).

The district court did not err when it sentenced Dominguez as a career offender because his prior conviction for aggravated assault qualified as a crime of violence.  Dominguez argues that the district court reviewed improperly a police report about the assault, see United States v. Sneed, 600 F.3d 1326, 1333 (11th Cir. 2010), but we can "disregard the facts of the underlying conviction" and review the decision of the district court because "we are able to make the 'crime of violence' determination from the face of" the Florida assault statutes and "the elements of [Dominguez]'s prior conviction," Lockley, 632 F.3d at 1240. Dominguez was convicted in a Florida court of aggravated assault with a deadly weapon.  Under Florida law, a defendant commits an aggravated assault when he makes "an intentional, unlawful threat by word or act to do violence to" another person, which is "coupled with an apparent ability to do so" and "creates a well-founded fear in such other person that such violence is imminent," Fla. Stat. § 784.011, and either involves the use of a "deadly weapon without intent to kill" or is committed "[w]ith an intent to commit a felony," id. § 784.021(1).

Dominguez's prior conviction qualifies as a "crime of violence" because it involved a "threatened use of physical force" against a victim. U.S.S.G. § 4B1.2(a)(1). Dominguez argues that "the facts underlying [his] conviction" establish that he was convicted of a misdemeanor, but the district court did not clearly err when it found that Dominguez's crime constituted a felony. An aggravated assault statute is a "felony of the third degree," Fla. Stat. § 784.021(2), and Dominguez conceded at sentencing that he had pleaded guilty to a felony. Dominguez's prior conviction for aggravated assault qualifies as a predicate offense for the career offender enhancement.

We lack jurisdiction to review the denial of Dominguez's motion for a downward departure. We cannot examine a discretionary decision not to depart downward "unless the district court incorrectly believed that it lacked authority to grant the departure," and the record establishes that the district court "understood that it could depart, but chose not to do so." United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006). The district court examined Dominguez's criminal history and ruled that there was no "basis to think . . . that there has been a overstatement of the seriousness of the instant offense or [Dominguez's] criminal history."

Dominguez's sentence is **AFFIRMED**.