[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12663
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:10-cr-60193-CMA-5


UNITED STATES OF AMERICA,

                                                              Plaintiff-Appellee,

                              versus

JONATHAN STRIEDINGER,

                                                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 9, 2012)

Before TJOFLAT, EDMONDSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Jonathan Striedinger appeals his 90-month sentence after pleading guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, Striedinger argues that the district court erred in classifying him as a career offender, pursuant to U.S.S.G. § 4B1.1(a), because he only had one prior felony conviction for a crime of violence, resisting arrest with violence. Specifically, Striedinger contends that the district court erred in determining that his prior conviction for throwing a deadly missile, pursuant to Fla. Stat. § 790.19, was a crime of violence because: (1) the statute as charged encompasses many acts which would not qualify as a crime of violence; (2) throwing deadly missiles does not inherently pose a serious potential risk of physical injury that is similar in degree to the risks posed by the crimes enumerated in § 4B1.1(a)(2); and (3) the statute could be violated by a mere showing of "wantonness" or "maliciousness," and reckless conduct is not enough to qualify an offense as a crime of violence under § 4B1.1(a)(2)'s residual clause.[1]

We review *de novo* whether a prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines. *United States v. Lockley*, 632 F.3d

[1] Striedinger also asserts that the district court erred in determining that his Florida conviction for battery on a law enforcement officer was a crime of violence for purposes of § 4B1.1(a). However, it is unnecessary to resolve that issue because, as discussed *infra*, throwing a deadly missile is a crime of violence, and Striedinger does not challenge the determination that his conviction for resisting an officer with violence qualifies as a second crime of violence.

1238, 1240 (11th Cir.), *cert. denied*, 132 S.Ct. 257 (2011).

A defendant qualifies as a career offender under U.S.S.G. § 4B1.1 if: (1) he was at least 18 years old at the time he committed the instant offense; (2) the instant offense is a felony that is either a crime of violence or a drug offense; and (3) he has at least two prior felony convictions for a crime of violence or a drug offense. U.S.S.G. § 4B1.1(a). A "crime of violence" means any federal or state offense punishable by a term of imprisonment in excess of one year, that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

Commentary to this guideline provides further definitional guidance:

For purposes of this guideline—

"Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted involved use of explosives . . . or, by its nature, presented a serious risk of physical injury to another.

*Id.*, comment. (n.1).

Notably, the definition of a "crime of violence" under § 4B1.2(a) is virtually identical to the definition of a "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), and, therefore, we apply a similar analysis in deciding whether a given offense qualifies as a crime of violence or a violent felony. *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1783 (2011).

In assessing whether a prior conviction is a qualifying offense for purposes of a sentencing enhancement, we generally apply a "categorical approach," looking no further than the statutory definition of the offense and the judgment of conviction. *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010). However, when the statute is ambiguous–covering conduct that constitutes a crime of violence, as well as conduct that does not–we employ a "modified categorical approach," examining the facts underlying the conviction in order to determine the statutory basis for the conviction. *Id*. at 1336-37. In doing so, we may consult "any charging documents, the written plea agreement, the transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id*. at 1337.

In *Begay v. United States*, the Supreme Court considered the scope of

felonies that fall into the ACCA's residual category of crimes that "otherwise involve conduct that presents a serious potential risk of physical injury to another." *Begay v. United States*, 553 U.S. 137, 143-45, 128 S.Ct. 1581, 1585-86, 170 L.Ed.2d 490 (2008); 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held that the residual category only encompasses crimes "roughly similar, in kind as well as in degree of risk posed," to the enumerated crimes of burglary, arson, extortion, or crimes involving the use of explosives. *Begay*, 553 U.S. at 143, 128 S.Ct. at 1585. The Court noted that those offenses "all typically involve purposeful, violent, and aggressive conduct," and that they "show an increased likelihood that the offender is the kind of person who might deliberately point [a] gun and pull the trigger." *Id.* at 144-46, 128 S.Ct. at 1586-87 (quotations omitted). The Court examined whether driving under the influence was akin to the enumerated examples and held that, rather than involving "violent, aggressive, and purposeful" conduct, it was a strict liability crime. *Id.* at 148, 128 S.Ct. at 1588. Therefore, the offense was not a violent felony. *Id.*

In *Sykes*, the Supreme Court re-examined its holding in *Begay* regarding the phrase "purposeful, violent, and aggressive," and noted that the language had no link to the statutory text of the residual clause. *Sykes v. United States*, 564 U.S. ___, ___, 131 S.Ct. 2267, 2275, 180 L.Ed.2d 60 (2011). The Court further noted

that *Begay* was the only relevant decision that it had issued in which "risk was not the dispositive factor." *Id.* The reason the inquiry into whether the conduct in *Begay* was "purposeful, violent, and aggressive" was necessary was because the relevant offense was analogous to strict liability, negligence, and recklessness crimes. *Id.* at ___, 131 S.Ct. at 2275-76. For crimes that require a stringent *mens rea* requirement, such as "knowingly or intentionally," the Court held that the only inquiry necessary in most cases will be one into the level of risk. *Id.* at ___, ___, 131 S.Ct. at 2273, 2275-76. Further, the Court held that "a crime involves the requisite risk when the risk posed by the crime in question is comparable to that posed by its closest analog among the enumerated offenses." *Id.* at ___, 131 S.Ct. at 2273 (alteration and quotation omitted). To determine whether the crime of vehicular flight was a crime of violence, the Court analogized the offense to burglary. The Court noted that "[b]urglary is dangerous because it can end in confrontation leading to violence." *Id.* Similarly, vehicular flight often involves potentially dangerous confrontations with the police, which "places property and persons at serious risk of injury." *Id.* at ___, 131 S.Ct. at 2273-74.

In analyzing whether an offense poses a serious potential risk of physical injury under the categorical approach, the fact that an offense can be committed without the potential for physical injury does not automatically mean that it is

outside of the scope of the residual clause.  *James  v. United States*, 550 U.S. 192, 207-08, 127 S.Ct. 1586, 1597, 167 L.Ed.2d 532 (2007).  Instead, "the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another."  550 U.S. at 208, 127 S.Ct. at 1597.  Thus, in *James* the Supreme Court held that attempted burglary categorically qualifies as a violent felony, even though it could involve an unoccupied structure, because it generally involves a risk of confrontation and injury to a third party, whether an occupant or a bystander.  *Id*. at 203-04, 207-09, 127 S.Ct. at 1594-97.

Florida law provides that a person commits a felony if he "wantonly or maliciously . . . throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at, within, or in any public or private building, occupied or unoccupied," or at a vehicle, train, boat, or aircraft.  Fla. Stat. § 790.19.  The Florida Supreme Court has defined the statute's intent element as follows:

> 'Wantonly' means consciously and intentionally, with reckless indifference to consequences and with the knowledge that damage is likely to be done to some person.

> 'Maliciously' means wrongfully, intentionally, without legal justification or excuse, and with the knowledge that injury or damage will or may be caused to another person or the property of another

7

person.

*State v. Kettell*, 980 So.2d 1061, 1067 (Fla. 2008).

A violation of Fla. Stat. § 790.19 qualifies as a crime of violence under the categorical approach because it involves conduct that presents a serious potential risk of physical injury to another. Even if a defendant throws a missile at a structure that he believes is unoccupied, it is possible for an occupant or a bystander located outside of the structure to be struck by the missile or resulting debris and thereby injured. However, even if a violation of Fla. Stat. § 790.19 did not qualify as a crime of violence under the categorical approach, Striedinger's conviction for throwing a deadly missile would still qualify as a crime of violence under the modified categorical approach, because his charging information and acknowledgment of plea form indicated that he threw a missile into an occupied building.

Because Striedinger's conviction for throwing a deadly missile qualifies as a second conviction for a crime of violence, the district court properly classified him as a career offender for purposes of sentencing.

**AFFIRMED.**