[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16474
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20406-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERIBERTO ORTIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 10, 2013)

Before CARNES, Chief Judge, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Heriberto Ortiz appeals his concurrent 240-month sentences for one count of

conspiring to possess with intent to distribute over five kilograms of cocaine

(Count 1), in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii); and one count of conspiracy to interfere with commerce by robbery (Count 3), in violation of 18 U.S.C. § 1951(a), (b)(1), (b)(3).  On appeal, Ortiz argues that the district court erred in treating his 2006 felony conviction for using a vehicle to flee and elude a police officer as a predicate offense for application of the career offender sentencing guidelines.  He also argues that his 240-month total sentence, which represents a 22-month downward variance from the advisory guideline range, was substantively unreasonable.

## I. Whether Ortiz's Prior Conviction is a Crime of Violence

We review *de novo* whether a particular prior conviction is a crime of violence under the career offender guidelines.  *United States v. Lockley*, 632 F.3d 1238, 1240 (11th Cir.), *cert. denied*, 132 S.Ct. 257 (2011).  "The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting *en banc* can judicially overrule a prior panel decision."  *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997).

A defendant is a "career offender" if, among other requirements, at the time of his instant offense of conviction he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).  Under the career offender guidelines, a "crime of violence" is one that

> (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)    is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 4B1.2(a)(1)–(2); *see United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir.), *cert. denied*, 133 S.Ct. 288 (2012) (stating that a crime of violence must fit into one of three categories: crimes covered under the "elements clause" of § 4B1.2(a)(1), the "enumerated crimes clause" of § 4B1.2(a)(2), or the "residual clause" crimes of § 4B1.2(a)(2)). Because the Armed Career Criminal Act (ACCA) provides a definition of a "violent felony" that is virtually identical to the definition of a crime of violence under the career offender guidelines, we have indicated that "decisions about one apply to the other." *Gilbert v. United States*, 640 F.3d 1293, 1309 n.16 (11th Cir. 2011) (*en banc*), *cert. denied*, 132 S.Ct. 1001 (2012).

We apply a categorical approach in determining whether a prior conviction is a crime of violence for purposes of the career offender guidelines. *Lockley*, 632 F.3d at 1240. In applying the categorical approach to the residual clause, we ask whether the offense at issue inherently "poses a serious potential risk of physical injury that is similar in kind and in degree to the risks posed by the enumerated crimes." *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012) (quotation omitted); *see Chitwood*, 676 F.3d at 977 (looking "only to the fact of conviction and the statutory definition of the prior offense, and not to the particular facts

3

disclosed by the record of conviction" (quotation omitted)).  We examine the underlying facts of a conviction "only if ambiguities in the [judgment] make the crime of violence determination impossible from the face of the judgment itself." *Lockley*, 632 F.3d at 1240 (quotation omitted).

Florida has three different subsections covering the use of a vehicle to flee or elude a police officer.  Fla. Stat. § 316.1935(1) provides:

> It is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order or, having stopped in knowing compliance with such order, willfully to flee in an attempt to elude the officer, and a person who violates this subsection commits a felony of the third degree . . . .

Fla. Stat. § 316.1935(1) (2006).  Section 316.1935(2) provides:

> Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated commits a felony of the third degree . . . .

*Id.* § 316.1935(2) (2006); *see United States v. Petite*, 703 F.3d 1290, 1292 (11th Cir. 2013) (describing an offense under § 316.1935(2) as "simple vehicle flight"), *pet. for cert. filed*, (U.S. June 13, 2013) (No. 12-10831).  Simple vehicle flight is a lesser included offense of the next subsection covering fleeing and eluding police officers, Fla. Stat. § 316.1935(3), which applies to defendants who flee from law enforcement "at high speed, or in any manner which demonstrates a wanton

4

disregard for the safety of persons or property," and punishes such conduct as a second- or first-degree felony, depending on the facts of the case. Fla. Stat. § 316.1935(3)(a); *see Petite*, 703 F.3d at 1292–93 (referring to an offense under § 316.1935(3) as "aggravated vehicle flight").

In *United States v. Sykes*, ___ U.S. ___, 131 S. Ct. 2267, 180 L.Ed.2d 60 (2011), the United States Supreme Court declared that Indiana's prohibition against vehicle flight from a police officer was categorically a violent felony under the ACCA. *Id.* at ___, 131 S. Ct. at 2273. The Supreme Court concluded that vehicle flight from the police inherently poses a risk of violence similar to robbery or arson, and in so holding settled a circuit split. *See id.* at ___, 131 S. Ct. at 2272–74. In her dissent, Justice Kagan lamented the majority opinion's inclusion of all forms of violating the statute into its holding; the Court held that all forms of the Indiana statute, from simple to aggravated, were violent felonies. Id.at __, 131 S. Ct. at 2288.

In *Petite*, we held that a Florida conviction under § 316.1935(2) is categorically a violent felony under the ACCA because there is an inherent risk of violence in using a vehicle to flee and elude a police officer. *Petite*, 703 F.3d at 1296, 1300–01. Using a vehicle to flee shows a "determination to elude capture," in defiance of law enforcement, that "makes a lack of concern for the safety of property and persons of pedestrians and other drivers an inherent part of the

5

offense." *Sykes*, ___ U.S. at ___, 131 S.Ct. at 2273.  Beyond posing serious and substantial risks, we also determined that the risks posed by simple vehicle flight are similar in degree of danger to the risks of arson and burglary.  *Petite*, 703 F.3d at 1295–96; *Sykes*, ___ U.S. at ___, 131 S.Ct. at 2274 (noting that vehicle flight actually "presents more certain risk as a categorical matter than burglary").  Accordingly, we stated that "*any* form of intentional vehicle flight from a police officer presents powerful risks comparable to those presented by arson and burglary."  *Petite*, 703 F.3d at 1296 (emphasis in original).

Although a copy of the judgment for Ortiz's 2006 conviction is not in the record, Ortiz has consistently maintained, both at the sentencing hearing and on appeal, that he was convicted under § 316.1935(1).  Moreover, the Government stated to the district court that the judgment reflects a conviction under § 316.1935(1).  The Government's brief on appeal makes inconsistent statements as to whether Ortiz was convicted under § 316.1935(1) or § 316.1935(2), but the references to § 316.1935(2) seem to be based on the fact that Ortiz was charged with (rather than convicted of) a violation of § 316.1935(2).  Ortiz's conviction appears to be under Fla. Stat. § 316.1935(1).

The district court did not err in treating Ortiz's prior vehicle flight conviction under § 316.1935(1) as a categorical crime of violence under the career offender guidelines.  We think that the this Court's previous determination that a

violation of Fla. Stat. § 316.1935(2) is a violent felony under the ACCA applies here because we held that any type of vehicle flight inherently poses the same sort of risks as the enumerated crimes. *Petite*, 703 F.3d at 1301; *see Gilbert*, 640 F.3d at 1309 n.16. Ortiz has advanced no reason why a conviction under § 316.1935(1) does not pose these same inherent risks. Indeed, *Sykes* explains that a defendant who defies a police officer by fleeing in a car commits a violent felony, even if the defendant is not going at full speed, because he "creates the possibility that police will, in a legitimate and lawful manner," match the defendant's speed or use force to retrieve him. *Sykes*, ___ U.S. at ___, 131 S. Ct. at 2273. A violation of Fla. Stat. § 316.1935(1), which prohibits willfully refusing or failing to stop a vehicle or, after stopping, fleeing and eluding an officer, creates the same possibilities and poses the same inherent dangers. *See* Fla. Stat. § 316.1935(1).

Ortiz urges us to consider the different punitive schemes established in Fla. Stat. § 316.1935 as evidence that a conviction under § 316.1935(1), which could carry a less severe penalty than convictions under other subsections, is not categorically a crime of violence. However, we have already determined that the tiered punitive schemes provided for in Fla. Stat. § 316.1935 are not relevant in determining whether a vehicular fleeing and eluding conviction is a violent felony under the ACCA. *See Petite*, 703 F.3d at 1300-01; *see also Sykes*, ___ U.S. at ___, 131 S.Ct. at 2273. What is relevant is whether the offense at issue "nonetheless

7

poses a substantial risk of physical injury." *Petite*, 703 F.3d at 1300.  Having concluded that Ortiz's conviction under Fla. Stat. § 316.1935(1) poses the same sort of risks as those discussed in *Petite* and encompassed under the definition of "crime of violence," our decision is not affected by a gradient of possible penalties for fleeing and eluding the police.  *See Petite*, 703 F.3d at 1301.  To the extent that Ortiz urges us to overturn *Petite*, we may not oblige.  *See Cargill*, 120 F.3d at 1386 (stating that only the Supreme Court or an *en banc* decision of this Court will overrule a panel decision).

## II.  Whether Ortiz's Sentence is Substantively Unreasonable

We review the substantive reasonableness of a sentence using a deferential abuse of discretion standard.  *United States v. Irey*, 612 F.3d 1160, 1165 (11th Cir. 2010) (*en banc*).  We will vacate the sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Id.* at 1190 (quotation omitted).  We will not "set aside a sentence merely because we would have decided that another one is more appropriate," because the district court's sentence need only be "a reasonable one."  *Id.* at 1191.  The party challenging the sentence bears the burden of showing it to be unreasonable in light of the record

8

and § 3553(a) factors.  *United States v. Langston*, 590 F.3d 1226, 1236 (11th Cir. 2009).

The district court must issue a sentence "sufficient, but not greater than necessary," to comply with the purposes of 18 U.S.C. § 3553(a)(2).  18 U.S.C. § 3553(a).  These purposes include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct.  *Id.* § 3553(a)(2).  Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the pertinent policy statements of the Sentencing Commission.  *Id.* § 3553(a)(1), (3)–(7).  The "weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

Sentences that fall within the guideline range are not automatically presumed to be reasonable, but we ordinarily expect such sentences to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  Whether a given sentence is lower than the statutory maximum may be an indicator of reasonableness.  *United States v. Valnor*, 451 F.3d 744, 751–52 (11th Cir. 2006).

Ortiz has not demonstrated that his sentences were substantively unreasonable in light of all the § 3553(a) factors.  His total sentence of 240 months

was below the guideline range and, though reflecting the 20-year statutory maximum term of imprisonment for Count 3, was well below the life sentence authorized for Count 1. *See* 18 U.S.C. § 1951(a); 21 U.S.C. § 841(b)(1)(A)(ii); *Hunt*, 526 F.3d at 746; *Valnor*, 451 F.3d at 751–52. Ortiz's total sentence meets the goals encompassed by § 3553(a). Ortiz was preparing to rob what he thought was a cocaine stash house, a robbery that, unbeknownst to him, was staged by law enforcement. On the way to the robbery, Ortiz's associate was shot and killed by law enforcement after failing to obey their commands. Although Ortiz argues that a larger downward variance was warranted because his crime did not involve an actual stash house or actual drugs, he did not have any weapons when arrested, and because the only act of violence was committed by law enforcement, the district court's conclusion to the contrary is reasonable. After considering the § 3553(a) factors, the district court concluded that while Ortiz's conviction for simple vehicle flight did qualify as a crime of violence, the guideline range overstated Ortiz's actual criminal history, and accordingly granted a 22-month downward variance from the low end of the guideline range. Ortiz has not carried his burden to show that the district court's sentencing decision represents a clear error of judgment. *See Irey*, 612 F.3d at 1190.

After review of the parties' briefs and the record on appeal, we affirm.

**AFFIRMED.**

10