[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12229
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20914-WPD-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE ANTONIO JACKSON,
a.k.a. Dre,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 2, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Andre Antonio Jackson appeals his sentence of 144-months' imprisonment,

imposed after he pled guilty to conspiracy to possess with intent to distribute crack

cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, the district court found that Jackson qualified as a career offender under U.S.S.G. § 4B1.1(a) and enhanced his sentence accordingly. Jackson argues that the district court erred in sentencing him as a career offender because his prior conviction under Florida Statutes § 316.1935(1) for fleeing or attempting to elude law enforcement is not a "crime of violence" as defined by U.S.S.G. § 4B1.2(a).

The Sentencing Guidelines require enhanced sentences for defendants that qualify as career offenders. *See* U.S.S.G. § 4B1.1(b). To be deemed a career offender, a defendant must, among other things, have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id.* at § 4B1.1(a). A crime of violence is any offense, state or federal, that and fits into one of three categories found in § 4B1.2(a) and is punishable by a term of imprisonment in excess of one year. *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir.), *cert. denied*, 133 S. Ct. 288 (2012). Here, the relevant category of crimes, often referred to as residual clause crimes, *id.*, "involves conduct that presents a serious potential risk of physical injury to another," U.S.S.G. § 4B1.2(a)(2).

"We review de novo whether a prior conviction qualifies as a crime of violence under the Sentencing Guidelines." *Chitwood*, 676 F.3d at 975 (internal quotation marks omitted). In determining whether a prior offense qualifies as a

crime of violence, we apply a categorical approach, looking "no further than the fact of conviction and the statutory definition of the prior offense." *United States v. Lockley*, 632 F.3d 1238, 1240 (11th Cir. 2011) (internal quotation marks omitted). Under this approach, "we consider whether the *elements of the offense* are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender." *Chitwood*, 676 F.3d at 975–76 (internal quotation marks omitted). Inclusion is justified when an offense "creates as much risk of physical injury" as one of the crimes enumerated in § 4B1.2(a). *Id.* at 979. Our inquiry is also guided by "cases interpreting the residual clause of the Armed Career Criminal Act [(ACCA)], 18 U.S.C. § 924(e), because the § 4B1.2 definition of 'crime of violence' and ACCA's definition of 'violent felony' are substantially the same." *Id.* at 975 n.2.

The Supreme Court held that a defendant's prior conviction under an Indiana law prohibiting knowing and intentional flight from a police officer was a violent felony for purposes of the ACCA. *Sykes v. United States*, 564 U.S. __, 131 S. Ct. 2267, 2274, 2277 (2011). The Court compared vehicle flight to burglary and arson and determined that it posed a comparable risk to those crimes because it "intentional[ly] release[s] . . . a destructive force" and creates a "confrontation leading to violence." *Id.* at 2273–74. Importantly, the Court found that vehicle flight poses such risks even when the fleeing criminal drives in a relatively safe

manner.  *See id.*  The risk of danger inherent in vehicle flights arises from the "legitimate and lawful" force police may use to end the confrontation created by the decision to flee.  *See id.* at 2273–74.

This court has held that "vehicle flight in violation of [Florida Statutes] § 316.1935(2) qualifies as a violent felony under the [ACCA]."  *United States v. Petite*, 703 F.3d 1290, 1301 (11th Cir.), *cert. denied* 134 S. Ct. 182 (2013).  In *Petite*, we stressed that "the Supreme Court made it clear that [r]isk of violence is *inherent* to vehicle flight."  *Id.* at 1295 (alteration in original) (internal quotation marks omitted).  Accordingly, we held that vehicle flight, "even without any reckless driving on the part of the offender," poses a substantial risk of injury to persons and property by provoking a "dangerous confrontational response from [the] officer."  *See id.* at 1301.

Jackson argues that his conviction for fleeing or attempting to elude law enforcement under Florida Statutes § 316.1935(1) does not qualify as a crime of violence.  We disagree.  After careful review of the record and relevant case law, we conclude that a conviction under § 316.1935(1) is a crime of violence within U.S.S.G. § 4B1.2(a).

Like the statutes in *Sykes* and *Petite*, § 316.1935(1) makes it a felony for the operator of a vehicle to flee from a law a law enforcement officer after being ordered to stop.  *See id.* at 1294–95.  Since vehicle flight inherently poses a

4

substantial risk of injury similar to the risk posed by the crimes of burglary and arson, *id.* at 1301, we hold that a conviction under Florida Statutes § 316.1935(1) qualifies as a crime of violence for the purposes of U.S.S.G. § 4B1.1(a). Accordingly, we affirm.

**AFFIRMED.**