[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15378
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20334-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GLENTON ANTHONY PETERKIN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 24, 2017)

Before HULL, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Glenton Peterkin argues that the district court erred by using two Florida

convictions to enhance his sentence for being a career offender under U.S.S.G.

§ 4B1.2. But the arguments are squarely foreclosed by this Court's prior published opinions. Mr. Peterkin's career offender enhancement is unaffected by the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), because vagueness principles do not apply to the advisory Sentencing Guidelines. *See Beckles v. United States*, __ U.S. __, 137 S. Ct. 886, 890 (2017); *United States v. Matchett*, 802 F.3d 1185, 1190 (11th Cir. 2015). And his Florida convictions that supported the enhancement—for robbery (Fla. Stat. § 812.13(1)) and aggravated assault (Fla. Stat. § 784.021)—remain qualifying predicates under § 4B1.2. *See United States v. Lockley*, 632 F.3d 1238, 1240–46 (11th Cir. 2011) (robbery conviction under § 812.13(1) qualifies as crime of violence); *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1332 (11th Cir. 2013) (aggravated assault conviction under § 784.021 qualifies as crime of violence).

**AFFIRMED.**