[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10261
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cr-00030-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SCOTTY HAGANS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 31, 2018)

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Scotty Hagans appeals his 160-month total sentence for possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  After review,[1] we affirm Hagans' sentence.

I.

First, Hagans contends Application Note 1 to U.S.S.G. § 4B1.2(b), used by the district court to further define a controlled substance offense as including aiding and abetting, is inconsistent with the Guidelines and should be considered non-binding commentary because inchoate crimes in general should not qualify as controlled substance offenses.

We held in *United States v. Smith* that Guidelines commentary is "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."  *United States v. Smith*, 54 F.3d 691, 693 (11th Cir. 1995).  We concluded Application Note 1 of § 4B1.2, which included inchoate offenses as controlled substance offenses, "does not run afoul of the Constitution . . . nor is it inconsistent with, or a plainly erroneous reading of, sections 4B1.1 or 4B1.2."  *Id*.  Thus, we held that

---

[1]  We review *de novo* a question of law arising under the Sentencing Guidelines.  *United States v. Smith*, 54 F.3d 690, 691 (11th Cir. 1995).  We review *de novo* whether a prior conviction qualifies as a controlled substance offense under U.S.S.G. § 4B1.2(b).  *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir.), *cert. denied*, 138 S. Ct. 488 (2017).

Application Note 1 "constitutes a binding interpretation of the term controlled substance offense." *Id*. (quotations omitted).

Neither this Court en banc nor the Supreme Court has overruled *Smith*, and thus, under the prior precedent rule, Hagans' argument the district court inappropriately relied on Application Note 1 to § 4B1.2(b) is foreclosed by precedent. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (explaining under the prior precedent rule, we are bound by "a prior binding precedent unless and until it is overruled by this Court en banc or by the Supreme Court").

## II.

Second, Hagans asserts the district court rendered a procedurally unreasonable sentence by treating his prior convictions as controlled substance offenses because he could have been convicted of the offenses under Georgia's party to a crime statute, which he argues is overly broad.

The definition of a controlled substance offense under § 4B1.1 is found in § 4B1.2, which states:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.1, comment. (n.1); § 4B1.2(b).  To determine what constitutes a controlled substance offense, the predicate offense must "prohibit[] certain activities related to controlled substances."  *United States v. Lange*, 862 F.3d 1290, 1295 (11th Cir. 2017).  To decide whether the offense "prohibits" such activities, we apply the categorical approach and compare "the definition in the Guidelines with the statutory offense, not the conduct underlying the conviction."  *Id*. at 1293 (quotations omitted).  Specifically, when the Guidelines provide a definition for predicate offenses, we compare "the elements of the *crime of conviction* to the generic form of the offense as defined by the States."  *United States v. Lockley,* 632 F.3d 1238, 1242 (11th Cir. 2011) (emphasis added).

Hagans was convicted in 1993 for the sale of cocaine under O.C.G.A. § 16-13-30 and in 2007 for trafficking in cocaine under O.C.G.A. § 16-13-31.  Thus, Hagans' "crime[s] of conviction" were O.C.G.A. §§ 16-13-30 and 16-13-31.  *See Lockley*, 632 F.3d at 1242.  We reject Hagans' invitation to look beyond Hagans' "crime[s] of conviction" and consider Georgia's party to a crime statute.  The party to a crime statute was not one of Hagans' "crime[s] of conviction."  Hagans makes no argument on appeal that O.C.G.A. §§ 16-13-30 and 16-13-31 do not qualify as controlled substance offenses apart from the party to a crime statute.  Accordingly, we affirm.

**AFFIRMED.**

4