[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14290
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22455-DLG,
1:05-20664-DLG-1

CEDRICK PONDER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 7, 2019)

Before MARCUS, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Cedrick Ponder appeals the district court's denial of his authorized second or

successive 28 U.S.C. § 2255 motion to vacate his sentence for being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Mr. Ponder argues that the sentence—which was enhanced to a mandatory minimum 15 years pursuant to the Armed Career Criminal Act (ACCA), *see* 18 U.S.C. § 924(g)(1)—is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  After the district court denied his motion, but before briefing in this appeal commenced, we issued *Beeman v. United States*, 871 F.3d 1218 (11th Cir. 2017), which established a § 2255 movant's burden when seeking relief under *Johnson*.

Assuming that Mr. Ponder could satisfy the requirements of *Beeman*, we affirm the denial of § 2255 relief.  We have held that both Florida aggravated assault and Florida robbery—Mr. Ponder's two unchallenged convictions—satisfy the ACCA's elements clause.  *See Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1337–39 (11th Cir. 2013): *United States v. Lockley*, 632 F.3d 1238, 1246 (11th Cir. 2011).  *See also Stokeling v. United States*, 139 S. Ct. 544, 555 (2019) (holding that Florida robbery satisfies the ACCA's elements clause).  As Mr. Ponder concedes, these cases constitute binding precedent for this panel.  Accordingly, we affirm.

**AFFIRMED.**