[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15647
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00007-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICHOLAS BRIAN SHUCK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 23, 2012)

Before DUBINA, Chief Judge, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Nicholas Brian Shuck appeals his 168-month sentence of imprisonment, imposed after he pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a).  On appeal, Shuck argues that, because he pled guilty to bank robbery "by means of intimidation" and not by "force and violence," the instant offense should not qualify as a "crime of violence" for purposes of applying the career offender enhancement in U.S.S.G. § 4B1.1.  Shuck also argues that his sentence was substantively unreasonable because, *inter alia*, the district court failed to consider the abusive nature of his upbringing and his controlled substance addiction.

## I.

Whether a particular offense is a "crime of violence" under the career offender provision of the Sentencing Guidelines is a question of law we review *de novo*.  *United States v. Pantle*, 637 F.3d 1172, 1174 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1091 (2012).

Under the career-offender provisions of the Sentencing Guidelines, a defendant is a career offender if (1) he is 18 years old at the time of the instant offense of conviction, (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense, and (3) he has two prior felony convictions for either a crime of violence or a controlled substance offense.

2

U.S.S.G. § 4B1.1(a).  If applicable, the career offender enhancement generally increases the guideline imprisonment range.  *See* § 4B1.1(b).

The Guidelines define the term "crime of violence" as follows:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).  The commentary to section § 4B1.2 provides that the term "crime of violence" "includes murder, manslaughter, kidnapping, aggravated assault, forcible sexual offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling."  *Id.* § 4B1.2, comment. (n.1).

In determining whether an offense is a crime of violence for § 4B1.1 enhancement purposes, we apply a categorical approach, generally looking no further than the fact of conviction and the statutory definition of the offense. *United States v. Lockley*, 632 F.3d 1238, 1240 (11th Cir.), *cert. denied*, 132 S. Ct. 257 (2011).  An offense qualifies as a crime of violence if any of the following are true: (1) the defendant committed an enumerated offense; (2) "the use, attempted

3

use, or threatened use of physical force against another was an element of the offense" ["elements clause"] or (3) "the conduct for which the defendant was convicted presented a serious risk of physical injury to another person" ["residual clause"]. *Id.* at 1241.

Section 2113(a) of Title 18 of the U.S. Code provides that bank robbery may be committed "by force and violence, or by intimidation." 18 U.S.C. § 2113(a). "Under section 2113(a), intimidation occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts." *United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) (internal quotation marks omitted).

Where the Guidelines specifically enumerate a certain offense as a crime of violence, "we compare the elements of the crime of conviction to the generic form of the offense." *Lockley*, 632 F.3d at 1242. The Guidelines commentary provides that robbery is enumerated as a crime of violence. U.S.S.G. § 4B1.2 comment. (n.1). In *Lockley*, we stated the generic definition of robbery as follows: "the taking of property from another person or from the immediate presence of another person by force *or* intimidation." 632 F.3d at 1244 (internal quotation marks omitted). Intimidation "in nearly all instances is the fear of bodily harm." *Id.*

As to the elements clause, a crime qualifies for the § 4B1.1 career offender

4

enhancement when it "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The phrase "physical force" must be understood as "violent force," or "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. __, __, 130 S. Ct. 1265, 1271, 176 L. Ed. 2d 1 (2010) (interpreting the ACCA).[1] The word "violent" "connotes a substantial degree of force." *Id*.

As to the residual clause, we apply a three-step analysis and ask: (1) "what is the relevant category of crime, determined by looking to how the crime is ordinarily committed?"; (2) "does that crime pose a 'serious potential risk of physical injury' that is similar in degree to the risks posed by the enumerated crimes?"; and (3) "is that crime similar in kind to the enumerated crimes?" *Lockley*, 632 F.3d at 1245 (quotation omitted).

Finally, if an offense is ambiguous as to whether it qualifies on its face as a crime of violence, the district court may "base its factual findings on undisputed statements" in the presentence investigation report ("PSI") to determine whether the § 4B1.1 career-offender enhancement applies, because the defendant has been

---

[1] We look to opinions defining "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), for guidance in considering whether an offense qualifies as a crime of violence under the Guidelines, because the definitions are "virtually identical." *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010) (internal quotation marks omitted), *cert. denied*, 131 S. Ct. 1783 (2011).

deemed to admit those facts for sentencing purposes. *United States v. Beckles*, 565 F.3d 832, 842-44 (11th Cir. 2009).

Bank robbery by intimidation, in violation of § 2113(a), qualifies as a crime of violence under all three avenues identified in *Lockley*. Shuck's attempt to differentiate two categorically different crimes from this statute, one of which is a crime of violence ("force and violence") and the other of which is not ("intimidation"), is unconvincing. As defined by § 2113(a), bank robbery, a natural equivalent of generic robbery, has as an element the threatened use of physical force, and poses a risk of substantial physical injury similar in kind and degree to other enumerated offenses. Even assuming the statute was ambiguous as to whether it qualifies as a crime of violence, the factual statements in the PSI show that Shuck threatened a bank teller with death or bodily harm. Accordingly, we conclude that the district court properly found Shuck's instant offense of bank robbery "by means of intimidation" to be a crime of violence.

## II.

We review the reasonableness of a sentence for abuse of discretion. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.), *cert. denied*, 131 S. Ct. 674 (2010). The district court must impose a procedurally and substantively reasonable sentence. The party challenging the reasonableness of a sentence bears

6

the burden of showing that it is unreasonable in light of the record and the § 3553(a) factors. *Id.*

We first review for procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). Once we determine that a sentence is procedurally sound, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009).

The review for substantive unreasonableness involves examining the totality of the circumstances and whether the § 3553(a) sentencing factors support the sentence in question. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). We will generally "defer to the district court's judgment regarding the weight given to the § 3553(a) factors." *Id.* We will not vacate a sentence unless "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."

7

*United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted), *cert. denied*, 131 S. Ct. 1813 (2011).  Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  The reasonableness of a sentence may also be indicated when the sentence imposed was well below the statutory maximum sentence.  *Gonzalez*, 550 F.3d at 1324.

According to § 3553, the district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  The sentencing court must also consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, and the pertinent policy statements of the Sentencing Commission.  *See generally id.* § 3553(a)(1), (3)-(7).  The district court need not state or discuss each factor explicitly.  *Gonzalez*, 550 F.3d at 1324.  It is enough for the court to acknowledge that it has considered the defendant's arguments and the § 3553(a) factors.  *Id.*

8

We conclude from the record that Shuck's sentence was substantively reasonable. The district court acknowledged that it had considered the defendant's arguments in mitigation and the § 3553(a) factors. The sentence imposed was not outside the range of reasonable sentences. Accordingly, we affirm Shuck's sentence.

**AFFIRMED.**