[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15243
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80106-DTKH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER PATTERSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 26, 2015)

Before TJOFLAT, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Christopher Patterson appeals his 120-month sentence, which the district court imposed after he pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). On appeal, Defendant argues that the district court procedurally erred in finding that his two prior convictions for delivery of cocaine and oxycodone, in violation of Florida Statute § 893.13(1)(a), qualified as "controlled substance offense[s]" for the purpose of sentencing him as a career offender. Defendant also argues that his sentence is substantively unreasonable because the district court did not give enough consideration to certain mitigating 18 U.S.C. § 3553(a) factors. After review, we affirm.

## I.  Background

After Defendant entered his guilty plea, the probation office prepared Defendant's presentence investigation report ("PSR"). The probation officer determined that Defendant was a career offender subject to an offense level of 32, under U.S.S.G. § 4B1.1(b)(3), because he had at least two prior convictions for "controlled substance offense[s]." The probation officer then applied a three-level acceptance-of-responsibility reduction, pursuant to § 3E1.1(a) and (b), yielding a total offense level of 29.

Defendant qualified for a criminal history category of VI, based on both his numerous criminal convictions and on his career offender status. As relevant to this appeal, the PSR noted that Defendant had two prior convictions for delivery of

2

cocaine and delivery of oxycodone, in violation of Florida Statute § 893.13(1)(a). Based on a total offense level of 29 and a criminal history category of VI, Defendant's guideline range was 151 to 188 months' imprisonment.[1]

Prior to and during his sentencing hearing, Defendant objected to the career offender sentence enhancement. Defendant argued that his prior convictions for delivery of cocaine and oxycodone did not meet the definition of "controlled substance offense[s]" because § 893.13(1)(a) did not require the defendant's knowledge of the illicit nature of the controlled substance he delivered. Defendant also requested a downward variance to 78 months' imprisonment based on his history and characteristics: specifically, his difficult and very sad childhood. The district court overruled Defendant's objection to the career offender enhancement, but it did grant him a downward variance, based on the mitigating factors he had articated. The court sentenced Defendant below his guideline range to 120 months' imprisonment.

## II. Discussion

A.    Career Offender Enhancement

As he did before the district court, Defendant argues on appeal that his two prior § 893.13(1)(a) convictions did not qualify as "controlled substance offense[s]." We review *de novo* whether a prior conviction qualifies as a

---

[1]  If Defendant had not been a career offender, his total offense level would have been 19, which would have resulted in an applicable guideline range of 63 to 78 months' imprisonment.

"controlled substance offense" under the career offender guideline. *See United States v. Lockley*, 632 F.3d 1238, 1240 (11th Cir. 2011).

A defendant qualifies as a career offender if, among other things, he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a)(3). A "controlled substance offense" is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b).

Our Court's recent precedent squarely forecloses Defendant's argument that his § 893.13(1)(a) convictions for delivering cocaine and oxycodone are not "controlled substance offense[s]" under the career offender guideline. *See United States v. Smith*, 775 F.3d 1262, 1267-68 (11th Cir. 2014) (holding that a § 893.13(1)(a) conviction is a "controlled substance offense"). Despite Defendant's contention that *Smith* is wrongly decided, "[w]e are bound by prior panel decisions unless or until we overrule them while sitting *en banc*, or they are overruled by the Supreme Court." *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011). Accordingly, the district court did not err in classifying Defendant as a career offender based on his two prior § 893.13(1)(a) convictions.

4

B.    Substantive Reasonableness

Defendant also argues that his 120-month, below-guideline sentence was substantively unreasonable.  We review the reasonableness of a sentence for an abuse of discretion using a two-step process.  *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).  We first look to whether the district court committed any significant procedural error, such as miscalculating the advisory guideline range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors,[2] selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.  *Id.*

Then, we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors.  *Id.*  The party challenging a sentence has the burden to show that the sentence is unreasonable.  *Id.* at 1189.  We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1191 (quotation marks omitted).

---

[2] The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

As the above discussion reflects, *see supra* part II.A, Defendant failed to show that the district court procedurally erred by miscalculating his advisory guideline range.  Likewise, Defendant has not shown that his sentence is substantively unreasonable.  Notably, Defendant's 120-month sentence is below his advisory guideline range of 151 to 188 months' imprisonment.  Our precedent indicates that we ordinarily expect a within-guideline sentence to be reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that, while we do not apply a presumption, we ordinary expect a sentence inside the advisory guidelines range to be reasonable).  It logically follows then that Defendant's more lenient, below-guideline sentence enjoys an even more robust expectation of reasonableness, at least with respect to his argument that his sentence was too harsh.  Additionally, Defendant's sentence is well below the 20-year statutory maximum under 18 U.S.C. § 2113(a). *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (citing the fact that the sentence imposed was well below the statutory maximum as an indication of reasonableness).

In determining that only a 31-month downward variance was warranted (instead of the 73-month variance Defendant requested), the district court specifically acknowledged Defendant's troubled childhood, his lengthy criminal history, the seriousness of Defendant's bank robberies, and Defendant having

6

earned his GED and obtained a job.  Specifically, the district court explained that it believed "some variance" was warranted because Defendant had earned his GED and found a job, which showed that he had promise and the ability to overcome his troubled background.  However, the court noted that the sentence still had to reflect the seriousness of the offense and be sufficient to deter Defendant from future criminal activity.

Defendant has certainly had a troubled childhood that included being abandoned, being subjected to violence and neglect, and being exposed to drug abuse and drug dealing by his mother and step-father.  But we discern no abuse of discretion in the district court's determination that these considerations did not warrant a greater downward variance, when balanced against the seriousness of Defendant's offense and his criminal history.  *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (stating that "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotation marks omitted)).  Specifically, in carrying out the two bank robberies charged in the indictment, Defendant had handed the tellers a note, which read "Give me the money or I'll kill you."  In light of the threats and the fact that the tellers did not know if Defendant was bluffing, the tellers were frightened and gave Defendant the requested money.  Moreover, Defendant has compiled an extensive criminal record that spans an approximately 15-year period and includes

7

approximately 20 convictions.  As the district court noted, Defendant has committed numerous serious criminal acts, including aggravated battery, burglary, robbery with a weapon, grand theft of a motor vehicle, dealing drugs, and possessing a loaded firearm as a convicted felon.

For all these reasons, Defendant has not carried his burden to show that his 120-month sentence is substantively unreasonable.

**AFFIRMED.**