[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11126
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00055-HLA-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNIE JUNIOR BOSTICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 17, 2017)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ronnie Junior Bostick appeals his 180-month sentence of imprisonment after pleading guilty to one count of being a felon in possession of a firearm, in

violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  His sentence exceeded the normal 10-year maximum sentence under the statute, *see id.* § 924(a)(2), because the district court imposed an enhancement under the Armed Career Criminal Act ("ACCA"), *id.* § 924(e)(1).  Bostick's sole challenge on appeal relates to one of the three predicate offenses relied upon by the court to enhance his sentence.  Specifically, Bostick contends that the district court erroneously concluded that his Florida conviction for strong-arm robbery, under Fla. Stat. § 812.13(2)(c), categorically qualified as a "violent felony" under the ACCA.  After careful review, we affirm.

We review *de novo* whether a prior conviction is a "violent felony" or a "serious drug offense" within the meaning of the ACCA.  *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).  Under the prior-precedent rule, we are bound by a prior panel's holding "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Under the ACCA, a defendant convicted of being a felon in possession of a firearm who has three or more prior convictions for a "serious drug offense" or "violent felony" faces a mandatory term of no less than fifteen years' imprisonment.  *See* 18 U.S.C. § 924(e)(1).  The ACCA defines a violent felony as any crime punishable by a term of imprisonment exceeding one year that

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id*. § 924(e)(2)(B).  The first prong of this definition is referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause."  *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).  The Supreme Court recently struck down the ACCA's residual clause as unconstitutionally vague.  *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015).  In holding that the residual clause is void, however, the Court clarified that it did not call into question the application of the elements and enumerated-offense clauses of the ACCA's definition of a violent felony.  *Id.* at 2563.  This case concerns the elements clause, which is unaffected by *Johnson*.

Both now and in 2010, the time of Bostick's conviction, Florida law defined robbery as

> the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1).  Bostick's robbery offense was a second-degree felony not involving the use of a weapon.  *Id.* § 812.13(2)(c) ("If in the course of committing

3

the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree . . . .").

In *Lockley*, this Court concluded that a robbery conviction under § 812.13(1) categorically qualifies as a "crime of violence" under the elements clause of the career-offender guidelines, which is identical to the ACCA's elements clause. *United States v. Lockley*, 632 F.3d 1238, 1240 & n.1 (11th Cir. 2011). We explained that § 812.13(1) requires either the use of force or violence, the threat of imminent force or violence coupled with apparent ability, "or some act that puts the victim in fear of death or great bodily harm." *Id.* at 1245. We found "it inconceivable that any act which causes the victim to fear death or great bodily harm would not involve the use or threatened use of physical force." *Id.* Thus, a conviction under § 812.13(1) "categorically qualifies under the elements clause." *Id.* at 1245. Under *Lockley*, therefore, Bostick's 2010 robbery conviction under § 812.13(1) and (2)(c) is a violent felony. *See id.* at 1243 n.5 (noting that we generally apply the same analysis to both the career-offender enhancement and the ACCA enhancement, such that decisions in one area apply to the other).

On appeal, Bostick argues that *Lockley* is not binding because, "in light of more recent case law," *Lockley* applied an improper standard to analyze the fear prong and failed to fully address the force prong of the robbery statute. In light of

even more recent case law, however, it is clear that *Lockley* remains binding and that it controls the outcome of this case.

After Bostick filed his brief in this case, this Court held in two cases that *Lockley* had not been abrogated by recent Supreme Court decisions, such as *Descamps v. United States*, 133 S. Ct. 2276 (2013). *United States v. Fritts*, 841 F.3d 937, 942 (11th Cir. 2016); *United States v. Seabrooks*, 839 F.3d 1326, 1342–43 (11th Cir. 2016). And both *Seabrooks* and *Fritts* found that *Lockley* was binding on the question of whether the defendant's robbery conviction under Fla. Stat. § 812.13(1) categorically qualified as a violent felony under the ACCA. *See Fritts*, 841 F.3d at 940–42 (1989 conviction for armed robbery); *Seabrooks*, 839 F.3d at 1340–41 (1997 conviction for armed robbery).

Accordingly, under *Lockley*, *Seabrooks*, and *Fritts*, Bostick's 2010 strong-arm robbery conviction under Fla. Stat. § 812.13 undisputedly qualifies as a violent felony and is thus a predicate offense for purposes of the ACCA enhancement. Because Bostick does not challenge the other two convictions used to enhance his sentence, we affirm his ACCA-enhanced sentence.

**AFFIRMED.**