[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10543
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20724-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO ABUIN-SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 17, 2017)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Lazaro Abuin-Sanchez appeals his 188-month sentence, which was imposed

after he pleaded guilty to one count of bank robbery,  under 18 U.S.C. § 2113(a).

On appeal, Abuin-Sanchez argues that the court erred in sentencing him as a career offender under the Sentencing Guidelines. He also argues that his sentence is substantively unreasonable. We consider each of his arguments below. After careful review, we affirm.

## I.

We review de novo a district court's determination of whether a defendant qualifies as a career offender. *United States v. Whitson*, 597 F.3d 1218, 1220 (11th Cir. 2010) (per curiam). Also, "[w]e review sentencing arguments raised for the first time on appeal for plain error." *United States v. Bonilla*, 579 F.3d 1233, 1238 (11th Cir. 2009). Unless "the explicit language of a statute or rule . . . resolve[s] an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam). Finally, the prior precedent rule binds us to our prior decisions unless and until they are overruled by the Supreme Court or this court en banc. *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).

Abuin-Sanchez asserts that the district court violated the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), when it applied the career offender enhancement in calculating his guideline range. He supports this proposition by first arguing that his instant federal robbery conviction does not

qualify as a crime of violence under U.S.S.G. § 4B1.2(a) because (1) it does not satisfy the criteria of the elements clause and (2) the only other clause it could satisfy is the residual clause, which is unconstitutional.  Second, Abuin-Sanchez argues that his 2004 and 2010 strong-arm robbery convictions, under Fla. Stat. § 812.13(1), fail to qualify as predicate convictions for the purposes of the enhancement.

Abuin-Sanchez's arguments are unavailing.  The court did not err in applying the career offender enhancement according to U.S.S.G § 4B1.1.  Under the guidelines, a defendant's offense level may be increased if he is a deemed to be a career offender.  *See* U.S.S.G. § 4B1.1.  A defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*Id.* § 4B1.1(a).  A crime of violence is an offense:

> under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> > (2) is murder, voluntary manslaughter,  kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm . . . .

*Id.* § 4B1.2(a).

3

Under Florida law, a "robbery" refers to "the taking of money or other property . . . from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1). We have held that Florida robbery under Fla. Stat. § 812.13 was the equivalent of the generic form of robbery and therefore it constituted a crime of violence. *See United States v. Lockley*, 632 F.3d 1238, 1242 (11th Cir. 2011).

As an initial matter, Abuin-Sanchez failed to preserve for appeal his objection to the instant federal robbery conviction being designated as a crime of violence, because the objection was not raised in "such clear and simple language that the trial court may not misunderstand it." *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006). In the district court, Abuin-Sanchez raised a general claim that he should not have been sentenced as a career offender. But general objections are insufficient. *See United States v. Dennis*, 786 F.2d 1029, 1042 (11th Cir. 1986). Because Abuin-Sanchez failed to preserve his objection for appeal, we are limited to plain error review. *See Bonilla*, 579 F.3d at 1238. And under plain error review, Abuin-Sanchez cannot prevail because there is no binding authority from this Court or the Supreme Court that states that a robbery conviction under 18 U.S.C. § 2113(a) is not a crime of violence. *See Lejarde-Rada*, 319 F.3d at 1291.

4

As to Abuin-Sanchez's 2004 and 2010 strong-arm robbery convictions under Fla. Stat. § 812.13(1), the district court properly concluded, consistent with *Lockley*, that those prior convictions were valid predicate offenses for purposes of the career offender enhancement. *See* 632 F.3d at 1242–45. The court was bound by that precedent and correctly applied the career offender enhancement. *See Brown*, 342 F.3d at 1246.

## II.

Abuin-Sanchez also argues that his high end of the guideline range sentence is substantively unreasonable. Specifically, he asserts that his sentence is greater than necessary to comply with the purposes of sentencing.

We review the substantive reasonableness of a sentence for abuse of discretion, considering the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

A district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," deter criminal conduct, and "protect the public" from the defendant's future criminal conduct. 18 U.S.C. § 3553(a). In imposing

its sentence, the district court must also consider "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the kinds of sentences available," and the applicable guideline range. *Id.*

A district court abuses its discretion only when the court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). While there is no presumption that "a sentence within the guideline range is reasonable, we ordinarily expect [such a sentence] to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (internal quotation marks omitted). Also, a sentence well below the statutory maximum penalty is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

Abuin-Sanchez has not demonstrated that his sentence is substantively unreasonable. The court properly weighed and considered the § 3553(a) factors, such as Abuin-Sanchez's criminal history, the need to impose a sentence that acts as a deterrent and promotes respect for the law, the kinds of sentences available, and the sentencing range. *See* 18 U.S.C. § 3553(a)(1)–(4). Furthermore, Abuin-Sanchez's 188-month sentence was not only within the guideline range but also below the statutory maximum penalty of 240 months—two indicators of a

reasonable sentence.  *See* 18 U.S.C. § 2113(a); *Hunt*, 526 F.3d at 746; *Gonzalez*, 550 F.3d at 1324.  The court did not improperly weigh the sentencing factors, commit a clear error of judgment, or unjustly rely on one factor.  Thus there is no abuse of discretion.  *See Irey*, 612 F.3d at 1189.

   **AFFIRMED.**