[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14936
Non-Argument Calendar

_____

D.C. Docket Nos. 1:15-cv-22360-KMM
1:12-cr-20396-KMM-2

RODNEY BUCKLES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 24, 2017)

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Rodney Buckles, a pro se federal prisoner, appeals the district court's denial of his motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255.  A certificate of appealability (COA) was granted on the following issue:

> Whether the district court erred in denying Buckles's challenge to his career-offender enhanced sentence on the ground that *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), does not apply to the Sentencing Guidelines, in light of *Beckles v. United States*, 580 U.S. ___, 136 S. Ct. 2510 (2016).

On appeal, Buckles argues that, under *Johnson*, the residual clause of the career-offender guideline, U.S.S.G. § 4B1.2(a)(2), is unconstitutional, and therefore, his previous state-court convictions for fleeing or attempting to elude and escape do not qualify as crimes of violence.[1]  After a careful review, we affirm the district court's ruling.

## I.

Under § 2255, a federal prisoner seeking post-conviction relief may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  In considering an appeal from the

---

[1] Buckles also contends that fleeing or attempting to elude is not a crime of violence, that the district court failed to determine whether escape is a crime of violence, that Amendment 798 to the Sentencing Guidelines eliminated the residual clause of the career-offender guideline in August 2016, and that *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243 (2016), impacts our analysis of his prior convictions.  However, those issues are outside the scope of the COA and we lack jurisdiction to consider them.  *Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998) (per curiam).

denial a § 2255 motion, we review findings of fact for clear error and questions of law de novo. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). We liberally construe pro se pleadings, which we hold to a less stringent standard than pleadings drafted by attorneys. *Id.*

## II.

The Sentencing Guidelines provide for a sentencing enhancement for defendants who are "career offenders." *See* U.S.S.G. § 4B1.1. A defendant is considered a "career offender" if three conditions are met: (1) the defendant was at least 18 years old at the time of the conviction; (2) the offense of the conviction is a felony that is either a "crime of violence" or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. *Id.* § 4B1.1(a). Under the 2012 Guidelines used to calculate Buckles's sentence, a "crime of violence" is:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(1)-(2). Subsection (a)(1) of § 4B1.2 is referred to as the "elements clause," while subsection (b)(2) contains enumerated crimes and the

"residual clause." *See United States v. Lockley*, 632 F.3d 1238, 1240–41 (11th Cir. 2011).

On the other hand, the Armed Career Criminal Act (ACCA) also provides for enhanced penalties, but only for offenders with three previous convictions for a "violent felony" or a serious drug offense. 18 U.S.C. § 924(e)(1). The definition of a "violent felony" under the ACCA is nearly identical to the definition of a "crime of violence" under the Guidelines, including its incorporation of a residual clause encompassing crimes that "involve[ ] conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B).

### III.

The district court did not err in denying Buckles's challenge to his career-offender enhanced sentence because *Johnson* does not apply to the Sentencing Guidelines. In *Johnson*, the Supreme Court held that only the residual clause of the ACCA is unconstitutionally vague, it did not extend its holding to the similar provision in the Sentencing Guidelines. *See* 576 U.S. at ___, 135 S. Ct. at 2563. However, following that, our court held that *Johnson* did *not* render the residual clause of the career-offender guideline unconstitutional because "the vagueness doctrine applies only to laws that prohibit conduct and fix punishments, not advisory guidelines." *United States v. Matchett*, 802 F.3d 1185, 1189 (11th Cir. 2015), *cert. denied*, 580 U.S. ___, 137 S. Ct. 1344 (2017).

4

Then on March 6, 2017, the Supreme Court reviewed the issue that was presented to us in *Matchett* and reached the same conclusion, holding that the vagueness doctrine does not apply to the residual clause of the career-offender guideline because, "[u]nlike the ACCA . . . the advisory [Sentencing] Guidelines do not fix the permissible range of sentences . . . they merely guide the exercise of a court's discretion in choosing an appropriate sentence within a statutory range." *Beckles*, 580 U.S. at ___, 137 S. Ct. at 892.  And because we have held, and the Supreme Court has now confirmed, that the residual clause of the career-offender guideline is not void for vagueness, the district court did not err.  Accordingly, we affirm the district court's denial of Buckles's motion to vacate, set aside, or correct his sentence.

**AFFIRMED.**