[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17680
Non-Argument Calendar
_____

D.C. Docket No. 7:16-cr-00130-MHH-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

DARYL TERRELL GILBERT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 29, 2017)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant Daryl Terrell Gilbert was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The district court initially sentenced Defendant to 57 months pursuant to U.S.S.G. § 2K2.1(a)(2), which applies when a defendant has two prior felony convictions for "crimes of violence."  The court applied U.S.S.G. § 2K2.1(a)(2) after concluding that Defendant's 2014 conviction for first-degree robbery in violation of Alabama Code § 13A-8-41 and his 2013 conviction for second-degree robbery in violation of Alabama Code § 13A-8-42 constituted crimes of violence.  The court subsequently determined that it had used the wrong rationale to find that Defendant's robbery convictions triggered § 2K2.1(a)(2), granted Defendant's motion to correct his sentence under Federal Rule of Criminal Procedure 35(a), and resentenced Defendant to 36 months.  The Government appeals, arguing that the district court erred by granting Defendant's Rule 35(a) motion.  We agree with the Government, and thus **VACATE** Defendant's 36-month sentence and **REMAND** the case for imposition of the 57-month sentence Defendant initially received.

## I.    BACKGROUND

Defendant was indicted in April, 2016 on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  As grounds for the felon-in-possession charge, the indictment listed Defendant's prior felony convictions for (1) first-degree robbery in violation of Alabama Code § 13A-8-41

2

and (2) second-degree robbery in violation of Alabama Code § 13A-8-42. Defendant pled guilty to the charge.

The Presentence Report ("PSR") determined that Defendant should be sentenced under U.S.S.G. § 2K2.1(a)(2), which applies when a defendant violates 18 U.S.C. § 922(g)(1) after being convicted of two felony "crime[s] of violence." U.S.S.G. § 2K2.1(a)(2). Section 2K2.1(a)(2) incorporates the definition of "crime of violence" set forth in U.S.S.G. § 4B1.2(a). *See* U.S.S.G. § 2K2.1 app. n.1. As relevant here, the definition in § 4B1.2(a) contains an elements clause that encompasses any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another" and also an enumerated offenses clause that encompasses any of a list of qualifying offenses, including "robbery." *See* U.S.S.G. § 4B1.2(a) (Aug. 1, 2016).

The PSR determined that Defendant's prior Alabama robberies qualified as crimes of violence for purposes of § 2K2.1(a)(2). Applying § 2K2.1(a)(2), the PSR assigned Defendant a base offense level of 24. After subtracting three levels for acceptance of responsibility, the PSR calculated Defendant's total offense level as 21. Based on Defendant's long history of juvenile adjudications and his robbery convictions as an adult, the PSR assigned Defendant a criminal history category of IV, resulting in a recommended guidelines range of 57 to 71 months.

Defendant objected to the PSR's calculation of his offense level and guidelines range, arguing that his Alabama robbery convictions did not categorically qualify as crimes of violence for purposes of U.S.S.G. § 2K2.1(a)(2). Specifically, Defendant argued that Alabama robbery does not necessarily involve "violent, physical force" as required to satisfy the elements clause under *Curtis Johnson v. United States*, 559 U.S. 133 (2010) ("*Curtis Johnson*") and, further, that Alabama robbery does not constitute generic robbery as required to satisfy the enumerated offenses clause.[1] Thus, Defendant continued, his offense level should have been 12 rather than 21, placing him in a guidelines range of 21 to 27 months. The Government disagreed, arguing that Alabama robbery categorically qualifies as a crime of violence under both the elements clause and the enumerated offenses clause.

At the sentencing hearing, the district court focused on the arguments made by the parties under the elements clause. The court observed that Alabama robbery appears on its face to satisfy the elements clause because it requires the use or threatened use of force against a person in the course of committing a theft. Based on its interpretation of state case law, however, the court determined that Alabama robbery does not categorically satisfy the elements clause because it does

---

[1] Defendant also argued that (1) his Alabama robbery convictions did not qualify under the enumerated offenses clause because, at the time of Defendant's offense, robbery was only listed as a crime of violence in the commentary to U.S.S.G. § 4B1.2 rather than in the text of the guideline and (2) the robbery convictions did not qualify as a crime of violence under the residual clause of § 4B1.2. The parties do not address those arguments in this appeal.

not necessarily involve "violent, physical force" as required by the Supreme Court in *Curtis Johnson.* Nevertheless, the court concluded that Defendant's Alabama robberies were crimes of violence under the elements clause because, as described in the PSR, Defendant had in fact used such force in committing the offenses.[2] Thus, the court overruled Defendant's objection, applied § 2K2.1(a)(2), and sentenced Defendant to 57 months. The court did not make a ruling as to whether Alabama robbery satisfies the enumerated offenses clause.

Defendant filed a timely motion to reduce his sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. Defendant argued that the district court's reliance on the specific facts surrounding his robberies to classify them as crimes of violence constituted clear error, warranting a reduction of his sentence under Rule 35(a). The Government opposed the motion, noting that Rule 35(a) extends only to those cases in which a clear sentencing error would "almost certainly result in a remand." Citing this Court's decision in *United States v. Lockley*, 632 F.3d 1238 (11th Cir. 2011), the Government argued that Alabama robbery arguably qualifies as a crime of violence under both the elements clause and the enumerated offenses clause and, thus, that any error in Defendant's sentence would not "almost certainly" require a remand. The court rejected the Government's argument, and concluded that it had committed a clear sentencing

---

[2] As the district court noted, in one robbery a gun was pressed to the victim's face, and in the other, Defendant and his associates repeatedly struck the victim in the head.

5

error by relying on the specific facts underlying Defendant's robberies to classify them as crimes of violence. The court refused to consider *Lockley* because that case had not been cited during the original sentencing hearing.

Based on the above findings, the district court concluded that Defendant's guidelines range should have been 21 to 27 months. The court determined that an upward variance was appropriate, given (1) Defendant's long criminal history beginning at a young age, (2) the seriousness of Defendant's robbery convictions, and (3) the fact that Defendant's second robbery was committed while he was on probation from the first. The court ultimately imposed a 36-month sentence.

The Government objected to the district court's revised guidelines calculation, and now appeals. The Government argues that (1) the district court lacked the authority to vacate Defendant's sentence under Rule 35 because this Court's case law supported the application of § 2K2.1(a)(2) and (2) Alabama robbery is categorically a crime of violence under § 2K2.1(a)(2) because it necessarily requires the use of "violent, physical force."

## II.     DISCUSSION

### A.     Standard of Review

We review the district court's ruling on Defendant's Rule 35 motion *de novo*. *See United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010).

Likewise, we review *de novo* the district court's interpretation of the Sentencing

Guidelines and its revised calculation of Defendant's guidelines range. *See id.*

### B.    Rule 35(a) of the Federal Rules of Criminal Procedure

A district court is not permitted to modify a sentence it has imposed except

as expressly authorized by statute or by Rule 35 of the Federal Rules of Criminal

Procedure. *See* 18 U.S.C. § 3582(c). As relevant here, Rule 35(a) permits a

district court to "correct a sentence that resulted from arithmetical, technical, or

other clear error" if the error is raised within 14 days after sentencing. Fed. R.

Crim. P. 35(a). The court's authority to modify a sentence under Rule 35(a) is:

> intended to be very narrow and to extend only to those cases in which
> an obvious error or mistake has occurred in the sentence, that is, errors
> which almost certainly would result in a remand of the case to the trial
> court for further action . . . [It] is not intended to afford the court the
> opportunity to reconsider the application or interpretation of the
> sentencing guidelines or for the court simply to change its mind about
> the appropriateness of the sentence.

Fed. R. Crim. P. 35 advisory committee's notes (1991). *See also Phillips*, 597 F.3d

at 1196 ("The writers of Rule 35(a) limited both its scope and its deadline to

promote the finality of sentences and enable the parties to appeal a sentence

promptly."). An error must be "acknowledged and obvious" rather than "arguable"

in order to constitute clear error for purposes of Rule 35(a). *United States v. Lett*,

483 F.3d 782, 789 (11th Cir. 2007). Thus, clear error does not exist where there is

no binding precedent that resolves a sentencing issue and reasonable people could

disagree as to its resolution.  *See id.* at 789 (reversing the district court's grant of relief under Rule 35(a) where "[r]easonable arguments [could] be made on both sides" of the determinative sentencing issue).

In addition, a sentencing error only warrants relief under Rule 35(a)  if the error would "almost certainly result in a remand of the case."  *Id.* at 787 (quoting Fed. R. Crim. P. 35 advisory committee's notes (1991)).  Consequently, Rule 35(a) does not apply if there is a reasonable argument that the sentence would be affirmed in spite of the error.  That is apparent from the history of Rule 35, which formerly gave district courts broad discretion to correct an "illegal sentence at any time" and a "sentence imposed in an illegal manner" within a specified time.  *See* Fed. R. Crim. P. 35(a) (1986).  The former version of Rule 35 was repealed in order to ensure more finality in sentencing.  *See* Fed. R. Crim. P. 35 advisory committee's notes (1991) (noting that the earlier version of Rule 35 was repealed to ensure the "finality of determinate sentencing").  The current version of Rule 35 still provides "an efficient and prompt method for correcting obvious technical errors" that are promptly called to the district court's attention, but it does not permit the court to reexamine its reasoning or to simply "change its mind about the appropriateness of the sentence."  *Lett*, 483 F.3d at 787 (quoting Fed. R. Crim. P. 35 advisory committee's notes (1991)).

8

C.    **Analysis**

1.    The district court's rationale during Defendant's initial
      sentencing was flawed.

At the initial sentencing hearing, the court rejected the Government's

argument that Alabama robbery categorically qualifies as a crime of violence under

the elements clause and failed to address the Government's argument that the

offense categorically satisfies the enumerated offenses clause.  Nevertheless, the

court concluded that Defendant's robberies constituted crimes of violence because,

as described in the PSR, Defendant had in fact used or threatened the use of violent

force during their commission.  The court thus overruled Defendant's objection to

the PSR, applied § 2K2.1(a)(2), and sentenced Defendant to 57 months.

Contrary to the analysis described above, courts are required to apply a

categorical approach to determine whether a prior conviction constitutes a crime of

violence and thus supports a sentence enhancement under § 2K2.1(a)(2).  *See*

*United States v. Garcia-Martinez*, 845 F.3d 1126, 1129–30 (11th Cir. 2017)

(applying the categorical approach to determine whether the defendant's prior

conviction qualified as a crime of violence for purposes of a sentencing

enhancement applicable under U.S.S.G. § 2L1.2).  Under the categorical approach,

the particular facts surrounding a defendant's conviction do not determine whether

the conviction qualifies as a crime of violence.  *See id.* at 1130.  What matters

instead is how the law defines the offense that the defendant was convicted of

committing.  *See id.*  Thus, regardless of Defendant's actual conduct during the robberies at issue here, the enhancement provided for in § 2K2.1(a)(2) only applies if the robberies, as defined by Alabama law, categorically satisfy either the elements clause or the enumerated offenses clause.  *See Welch v. United States*, 136 S. Ct. 1257, 1262 (2016) ("Under the categorical approach, a court assesses whether a crime qualifies as a [crime of violence] in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." (internal quotation marks omitted)).

In certain cases, courts may use a modified categorical approach to determine whether a conviction qualifies as a crime of violence.  *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (describing the modified categorical approach and clarifying when it is applicable).  The modified categorical approach applies when a criminal statute is divisible, meaning that it "list[s] elements in the alternative, and thereby define[s] multiple crimes."  *Id.*  When that is the case, the modified approach allows the sentencing court to examine a "limited class of documents"—known as *Shepard* documents and including such items as the indictment, jury instructions, and plea agreement—"to determine what crime, with what elements, a defendant was convicted of" so that the court can then assess whether the conviction categorically satisfies the definition of a crime of violence.  *Id.*  The district court purported to apply the modified categorical approach during

10

Defendant's initial sentencing hearing, but it did not conduct any divisibility analysis or otherwise explain why the modified categorical approach was applicable.

Moreover, it is evident that the district court misconstrued the function and the proper focus of the modified categorical approach. The Supreme Court has repeatedly explained that the modified categorical approach does not permit a court to consider the manner in which a defendant committed an offense to determine whether his conviction of the offense qualifies as a crime of violence. *See Mathis*, 136 S. Ct. at 2257 ("For more than 25 years, we have repeatedly made clear that application of ACCA [the "Armed Career Criminal Act"] involves, and involves only, comparing elements.").[3] Rather, "the modified approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013).

> 2. The court's analytical error did not warrant relief under Rule 35(a) because the error does not necessarily require a remand.

---

[3] *Mathis* arose in the context of a sentencing enhancement that is applicable under the Armed Career Criminal Act ("ACCA") when a defendant has three prior "violent felony" convictions, but its analytical framework applies to the enhancement required under §§ 2K2.1(a)(2) when a defendant has been convicted of a firearm offense following two prior convictions for "crimes of violence." *See Garcia-Martinez*, 845 F.3d at 1129–30 (applying the approach used in ACCA cases to a crime of violence enhancement applicable under U.S.S.G. § 2L1.2).

11

Nevertheless, we agree with the Government that the district court erred by granting relief under Rule 35(a).  As indicated above, a district court's authority to vacate a sentence under Rule 35(a) is limited.  *See Lett*, 483 F.3d at 788 (describing Rule 35(a) as setting forth "a narrow corrective power limited in scope to those obvious errors that result in an illegal sentence").  Rule 35(a) does not provide a mechanism for the court to reexamine its reasoning or simply "change its mind" about a sentence it has imposed.  *See id.* at 787.  Rather, the court must identify an error that is both clear—i.e., acknowledged and obvious—and that would "almost certainly result in a remand of the case" in order to vacate a sentence under Rule 35(a).  *Id.* at 787 (quoting Fed. R. Crim. P. 35(a) advisory committee's notes (1991)).

If the district court arrived at the correct guidelines range in spite of its analytical error, Defendant's sentence likely would be affirmed on appeal rather than remanded for correction. *See United States v. Chitwood*, 676 F.3d 971, 976–81 (11th Cir. 2012) (affirming the defendant's sentence, despite the district court's misapplication of the modified categorical approach, because the predicate offense remained a crime of violence under the categorical approach); *United States v. Campa*, 529 F.3d 980, 1013 (11th Cir. 2008) ("A sentencing error, under the Guidelines, is harmless if a court considers the proceedings in their entirety and determines that the error did not affect the sentence or had but very slight effect."

12

(internal quotation marks omitted)).  As discussed below, there is no binding precedent that specifically addresses whether Alabama robbery categorically qualifies as a crime of violence for purposes of § 2K2.1(a)(2), and this Court has held that the substantially similar crime of  Florida robbery does so qualify.  Accordingly, there is no basis for finding that the analytical error committed during Defendant's initial sentencing would "almost certainly result in a remand" as required to grant relief under Rule 35(a).  *See Lett*, 483 F.3d at 790 (reversing the district court's Rule 35(a) modification where there was "no decision on point from any court, and reasonable people could differ about the matter").

The convictions at issue are for first-degree robbery in violation of Alabama Code § 13A-8-41 and second-degree robbery in violation of Alabama Code § 13A-8-42.  Both offenses are enhanced versions of Alabama third-degree robbery, which occurs when "in the course of committing a theft," a person:

> (1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
>
> (2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.

Ala. Code § 13A-8-43(a).  Second-degree robbery occurs when a person commits third-degree robbery and "is aided by another person actually present."  *Id.* § 13A-8-42(a).  First-degree robbery occurs when a person commits third-degree robbery

13

and either "[i]s armed with a deadly weapon or dangerous instrument" or "[c]auses serious physical injury to another." *Id.* § 13A-8-41(a).

As mentioned, there is no binding authority resolving the issue whether a conviction under the Alabama robbery statute categorically qualifies as a crime of violence for purposes of the Guidelines. And it is evident from the discussion that occurred during Defendant's initial sentencing hearing that the issue is far from settled. After considering the opposing arguments made by the parties, the district court ultimately agreed with Defendant that Alabama robbery does not categorically satisfy the elements clause, but only after noting that "on its face, the use of the term 'force' within [Alabama Code §] 13A-8-43 would seem to align well with the language that is used in" the Guidelines.

Moreover, this Court held in *United States v. Lockley*, 632 F.3d 1238 (11th Cir. 2011) that a conviction under a similar Florida robbery statute categorically qualified as a crime of violence under both the elements and the enumerated offenses clause. Similar to Alabama Code § 13A-8-43, the Florida robbery statute at issue in *Lockley* defined robbery as:

> the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

14

Fla. Stat. § 812.13(1).   The Court noted that the "taking" referred to in the Florida robbery statute, like the theft underlying Alabama robbery, "must be by the use of force . . . so as to overcome the resistance of the victim, or by putting the victim in fear so that the victim does not resist." *Lockley*, 632 F.3d at 1242.  The Court thus identified the essential elements of Florida robbery as (1) a taking of money or property from another person, (2) with the intent to permanently or temporarily deprive the person of the money or property, while (3) using force or violence, or threatening force or violence with an apparent ability to follow through on the threat. *Id.* at 1242–43.  These are essentially the same elements necessary to sustain a conviction for Alabama robbery pursuant to Alabama Code § 13A-8-43(a), and the degree of force required—force sufficient to overcome the victim's resistance—is defined in a similar way.

Having identified the essential elements of Florida robbery, the Court in *Lockley* determined that those elements "hew almost exactly to the generic definition of robbery" and that Florida robbery thus qualified as a crime of violence under the enumerated offenses clause of the Guidelines. *Id.* at 1243.  The Court held further that Florida robbery satisfied the elements clause, as interpreted by *Curtis Johnson*, because it required "either the use of force, violence, a threat of imminent force or violence coupled with apparent ability, or some act that puts the victim in fear of death or great bodily harm." *Id.* at 1245.  *See also United States*

15

*v. Fritts*, 841 F.3d 937, 940–42 (11th Cir. 2016) (reaffirming that, under *Lockley*, Florida robbery categorically qualifies as a violent felony under the ACCA).  At the least, it is arguable that the same reasoning applies here, supporting the argument that Alabama robbery qualifies as a crime of violence under either (or both) the elements clause and the enumerated offenses clause.  *See also United States v. Wood*, 209 F.3d 847, 851 (6th Cir. 2000) ("There is simply no ambiguity in the language of the Alabama statute: to be guilty of robbery in the third degree a defendant must either use force or threaten the imminent use of force against a person sometime during the commission of a theft.").  And all we are determining here is whether the district court's original ruling was arguably correct.  We make no ruling on its ultimate merit.

The district court believed it could not consider *Lockley* when ruling on Defendant's Rule 35 motion because the case was not cited during Defendant's initial sentencing.  But consideration of *Lockley* was essential to deciding whether the court's error in the initial sentencing proceeding would "almost certainly" result in a remand, a requirement for granting Rule 35 relief.  If Defendant's initial sentence arguably was valid in spite of the flawed rationale underlying the sentence, then modification of the sentence under Rule 35(a) was not permitted.  Given *Lockley*, the district court did not clearly err in determining , at the initial sentencing, that Defendant's Alabama robbery convictions qualified as crimes of

violence for purposes of the enhancement set forth in § 2K2.1(a)(2), or in applying the enhancement in calculating Defendant's guidelines range.  Thus, the court was not authorized to vacate Defendant's sentence under Rule 35(a).

### III.    CONCLUSION

For the above reasons, we conclude that the district court erred by granting Defendant's Rule 35 motion and modifying the 57-month sentence it initially imposed on Defendant.  Accordingly, we **VACATE** Defendant's 36-month sentence and **REMAND** the case for imposition of the 57-month sentence Defendant originally received.